Bartlett, J.
Assuming this order to be appealable, we are of the opinion that it was properly granted by the surrogate. It appears that while the accounting was proceeding before a referee, the counsel for the contestant first obtained definite information to the effect that the executrix, Mary J. Odell, during the lifetime of her father, the decedent, had appropriated to her own use and deposited in bank a large amount of her father’s rents. This appropriation and the resulting indebtedness, had not been set up in the original answer, and the surrogate permitted the contestant to allege the same by way of amendment.
The existence of such indebtedness on the part of the executrix was a proper subject of inquiry under the circumstances, (Code Civ. Pro., § 2739) and there was no abuse of discretion in granting the leave to amend.
But we do not think the order is appealable. An appeal lies only from such an order of the surrogate or surrogate’s court as affects a substantial right. The order allowing the amendment in question here, does not seem to be of that character. Its practical effect was merely to amplify a portion of the original answer and make it more specific. In the fourth subdivision of the original answer, the contestant alleged that the account failed to charge the executors with other property^ received by them, “and with debts due said estate, for which they are liable.” The amendment simply pointed out one of those debts specifically, and the order permitting it in no wise affected any substantial right.
The appeal should, therefore be dismissed, with costs.
Van Brunt, P. J., and Macomber, J., concur.